# In the United States Court of Federal Claims

|   |   |   |
|---|---|---|
| JOSHUA LUGER and WARRIOR WASH & EMPORIUM, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 25-1345L (Filed: November 4, 2025) |
| v. | ) ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

Paul H. Myerchin, Bormann, Myerchin, Espeseth & Edison, LLP, Bismarck, ND, with whom was T. Michael Andrews, The Ragnar Group, LLC, Richmond, VA, for Plaintiff.

Patrick S. Angulo, United States Department of Justice, Washington, DC, with whom were Albert S. Iarossi, Patricia M. McCarthy, and Brett A. Shumate, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

      Plaintiffs, Joshua Luger and Warrior Wash & Emporium, LLC, filed this action on August 12, 2025. See Compl., ECF No. 1. They allege law enforcement personnel conducting a criminal investigation for the Bureau of Indian Affairs unlawfully seized certain industrial hemp products Plaintiffs offered for sale at their car wash/convenience store. Id. ¶¶ 10–11, 14. They further contend that BIA has effected an unconstitutional "taking" of their property by failing to return the seized industrial hemp products to them once the lone charge brought against Plaintiff Luger by a tribal court had been dismissed. Id. ¶¶ 30–36. They seek damages in excess of $250,000 for the seizure of the property (which they value at $29,788.98), and for other non-economic injuries including emotional distress, humiliation and harm to reputation. Id. at 7–8.

      Currently before the Court is the government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss, ECF No. 5. The government argues, among other things, that, in accordance with 28 U.S.C. § 1500, this Court lacks jurisdiction over Plaintiffs' claims. For the reasons that follow, the Court agrees and so will grant the government's Motion.

## DISCUSSION

      The Tucker Act authorizes the United States Court of Federal Claims to render judgment upon "any claim against the United States founded either upon the

Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). Claims for compensation under the Takings Clause of the Fifth Amendment are within this court's Tucker Act jurisdiction. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1309 (Fed. Cir. 2008).

The issue raised by the government's motion, however, is not whether the Court has jurisdiction under the Tucker Act to adjudicate Plaintiffs' takings claims. It is whether—in light of a related complaint that Plaintiffs earlier filed in district court—28 U.S.C. § 1500 bars the Court from exercising its Tucker Act jurisdiction. It states that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

To ascertain whether § 1500 bars this Court from exercising its Tucker Act jurisdiction over Plaintiffs' takings claim, this Court must determine: "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (quoting Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163–64 (Fed. Cir. 2011)).

Both criteria are met here. First, at the time Plaintiffs filed the present Complaint, they already had a suit against the United States pending in the United States District Court for the District of North Dakota challenging the seizure and retention of their industrial hemp products. See Luger v. United States, No. 25-cv-193 (D.N.D. Aug. 7, 2025). Second, "two suits are 'for or in respect to' the same claim 'if they are based on substantially the same operative facts, regardless of the relief sought.'" Brandt v. United States, 710 F.3d at 1374 (quoting United States v. Tohono O'Odham Nation, 563 U.S. 307, 317 (2011)); see also Trusted Integration, 659 F.3d at 1164 (citing Keene Corp. v. United States, 508 U.S. 200, 212 (1993)) ("[T]he legal theories underlying the asserted claims are not relevant to this inquiry.")). In this case, the complaints filed here and in the district court are not only based on substantially the same operative facts; they are based on identical facts. Indeed, both complaints press the same claim alleging a Fifth Amendment taking of Plaintiffs' property. Compare Compl. ¶¶ 30–36 with Compl. ¶¶ 33–39, Luger, No. 25-cv-193 (D.N.D.), ECF No. 1.

In response to the government's motion, Plaintiffs point out that the Court of Federal Claims has exclusive jurisdiction to hear takings claims seeking monetary relief exceeding ten thousand dollars. Pls.' Opp. to Def.'s Mot. to Dismiss at 6, ECF No. 6 (citing 28 U.S.C. § 1491(a)(1)). They stress that because their takings claims exceed that threshold, they cannot pursue those claims in district court. Id. Therefore, if this Court's exercise of its Tucker Act jurisdiction is barred by § 1500 while Plaintiffs' case in the North Dakota district court is pending, they have no judicial forum that can presently

2

hear their takings claim. See id. Their options are to either dismiss their pending case in the district court and file a new suit based on the Takings Clause here, or to wait to pursue their takings claim until the case pending in the district court has been finally decided.

The Court recognizes that these options are not particularly satisfying from Plaintiffs' perspective. But the Supreme Court has held that even if the application of § 1500 leads to arguably "unjust" results that can cause "hardships" to plaintiffs, "considerations of policy divorced from the statute's text and purpose could not override its meaning." Tohono O'Odham Nation, 563 U.S. at 316–17.

## CONCLUSION

For the foregoing reasons, the government's Motion to Dismiss for lack of subject-matter jurisdiction, ECF No. 5, is **GRANTED**. The government's motion to stay, ECF No. 7, is **DENIED as moot**. The Complaint is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

    /s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge